## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET VACCHI-SMITH, | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO.** |
| **v.** | : | |
| | : | |
| R.R. DONNELLEY & SONS, | : | **JURY TRIAL DEMANDED** |
| **Defendant.** | : | |

## COMPLAINT

1.      The Plaintiff, Margaret Vacchi-Smith, is an adult individual residing at 3114 N. 5th Street, Whitehall, Lehigh County, Pennsylvania.

2.      The Defendant, R.R. Donnelley and Sons, [hereinafter referred to as "Donnelley"] is a business organization believed to be organized under the laws of the Commonwealth of Pennsylvania with business offices at 700 Nestle Way, Suite 200, Breinigsville, Lehigh County, Pennsylvania.

3.      At all relevant times, Defendant, Donnelley, was an employer of Plaintiff within the meaning of Federal law.

## JURISDICTION

4.      This Honorable Court has jurisdiction over this matter pursuant to the Americans With Disabilities Act of 1990, as amended [ADA], 42 U.S.C. §12101 et seq. at Count One and FMLA at Count Two.

5.      All conditions precedent to jurisdiction under 42 U.S.C. §12101 et seq. have occurred or been complied with, to wit:  Plaintiff filed a charge of employment discrimination with the EEOC within 180 days of the unfair employment practice on or about October 20, 2010.

Plaintiff received a Notice of Right to Sue dated September 1, 2011, and this Complaint was filed within 90 days of receipt of the Notice of Right to Sue.

6.    At all times relevant, Plaintiff is disabled in that Plaintiff suffers from bi-polar depression and anxiety.

## COUNT ONE
## ADA- DISABILITY DISCRIMINATION

7.    The allegations of paragraphs 1 through 6 inclusive are incorporated herein as if fully set forth at length.

8.    Plaintiff suffered from a disability in that Plaintiff had a physical or mental impairment that substantially limits one or more of Plaintiff's major life activities, namely, sleeping, concentrating, communicating and thinking.

9.    Plaintiff has a disability in that Plaintiff has a record of such impairment, or was perceived by her employers as having such a disability.

10.    At all time herein relevant, Plaintiff could and did perform the essential functions of Plaintiff's employment position with Defendant, with Reasonable Accommodation.

11.    Defendant intentionally, knowingly, and purposefully violated ADA by invidiously discriminating against the qualified Plaintiff who has a disability, by terminating her employment.

12.    On July 7, 2009, Defendant terminated Plaintiff's employment based upon Plaintiff's disability and or perceived disability, after she asked for a Reasonable Accommodation.

13.   In actual fact, the Defendant had disciplined Plaintiff for using time off to visit her physician, even though her supervisor expressly authorized her to do so as a Reasonable Accommodation to her because her supervisor recognized that she was a valuable employee.

14.   In actual fact, Plaintiff requested a reasonable accommodation of her FMLA Leave for a short period of time in accordance with the employer's written policy, HR-6-4 and is protected under ADA and articulated in Bernhard v. Brown & Brown of Lehigh Valley, Inc., 720 F.Supp. 2d 694 (E.D.Pa., 2010).

15.   In addition to requesting as extension of her leave under HR-6-4, Plaintiff requested a short extension from the employer's disability insurance carrier, which duly approved the extension.

16.   After the request for Reasonable Accommodation, as aforesaid, the Defendant falsely claimed that Disability had not approved the extension, and because the disability carrier did not approve the extension, HR-6-4 did not apply.

17.   The claim that the disability carrier did not approve the extension was patently false and obviously pre-textual.

18.   As a direct and proximate result of Defendants' invidiously discriminatory and retaliatory actions as aforesaid, Plaintiff has suffered damages due to loss of past income, benefits and commissions, and earnings, for which damages are claimed.

19.   As a direct and proximate result of Defendant's invidiously discriminatory actions, as aforesaid, Plaintiff has suffered damages due to loss of future income, benefits, commissions, earnings and earnings capacity, for which damages are claimed.

20.   As a direct and proximate result of Defendant's invidiously discriminatory actions, as aforesaid, Plaintiff suffered mental anxiety, anguish, distress, humiliation and sleeplessness, for which damages are claimed.

21.     Plaintiff seeks reinstatement to Plaintiff's former position together with back pay, compensatory and other damages set forth herein.

22.     Defendant's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton and in reckless disregard of Plaintiff's rights entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff demands monetary judgment against Defendant, R.R. Donnelley & Sons, in an amount to be determined, together with interest, costs of suit and reasonable attorney fees; and reinstatement to his former or comparable position with Defendants.

## COUNT TWO
## FMLA – RETALIATION

23.     The allegations of paragraphs 1 through 22 inclusive are incorporated herein as if fully set forth at length.

24.     Defendant is an employer within the meaning of FMLA in that it engaged in an industry that affects interstate commerce and employs more than fifty employees for each such working day in each of twenty or more calendar weeks in the current or preceding calendar year.

25.     At all times herein relevant, Defendant significantly affected or controlled Plaintiff's access to employment at Defendant's place of business.

26.     At all times herein relevant, Plaintiff worked diligently and professionally with an excellent work, performance and attendance record.

27.     Plaintiff is female, who requested and received FMLA from Defendant.

28.     On July 7, 2009, Defendant willfully terminated Plaintiff's employment in violation of the employer's written policy in retaliation for her using FMLA leave.

29.     The willfulness is established by the timing of the termination, namely, the Plaintiff was approved for disability leave until July 29, 2009, but Defendant fired her on July 7, 2009.

30.     As a direct and proximate result of Defendant's retaliatory termination of Plaintiff for taking FMLA leave, Plaintiff has suffered damages due to loss of past income, benefits and earnings for which damages are claimed.

31.     As a direct and proximate result of Defendant's retaliatory termination as aforesaid, Plaintiff suffered mental anxiety, anguish, distress, humiliation, and sleeplessness, for which damage are claimed.

32.     Defendant's retaliatory termination was willful, wanton, and intentional, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants, R.R. Donnelley and Sons, for a monetary amount, including economic damages, compensatory damages, punitive damages, and reasonable attorney fees and the costs of this suit, together with reinstatement to her previous position, or a comparable position with Defendant.

## COUNT THREE
## (PHRC)

33.     The allegations of paragraphs 1 through 32 are incorporated herein as if fully set forth at length.

34.     The Plaintiff timely filed the charge with the PHRC.

35.     The actions of the Defendant violated the anti-disability provisions of the PHRA.

36.     The Plaintiff claims charges under the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendants, R.R. Donnelley and Sons, for a monetary amount, including economic damages, compensatory damages, punitive damages, and reasonable attorney fees and the costs of this suit, together with reinstatement to her previous position, or a comparable position with Defendant.

Respectfully submitted,

Richard J. Orloski
Attorney for Plaintiff
Attorney I.D. #09857
111 N. Cedar Crest Blvd.
Allentown, PA 18104
(610) 433-2363